UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN F. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 22-2111-SEM-KLM |
| | ) |
| WEXFORD HEALTH | ) |
| SOURCES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**KAREN L. McNAUGHT, United States Magistrate Judge:**

Before the Court are a Motion to Appoint Counsel (Doc. 39) and Motion for Status to Appoint Counsel (Doc. 56) filed by plaintiff, John F. Johnson, who is a prisoner at Danville Correctional Center.

A *pro se* litigant has no right to counsel in a civil case. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). However, the federal statute authorizing *in forma pauperis* status provides a court "may request an attorney to represent any person unable to afford counsel." See 28 U.S.C. 1915(e)(1). A court does not have the authority to require an attorney to accept *pro bono* appointments in civil cases. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

When confronted with a request for *pro bono* counsel under 28 U.S.C. §1915(e)(1), the district court is to make the following inquiries: (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from

doing so; and if so, (2) given the difficulty of the case, whether the plaintiff appears to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55.

The first inquiry is a mandatory threshold determination and requires the plaintiff attempt to obtain a lawyer independently. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). In its Merit Review Order on Amended Complaint (Doc. 34) entered September 25, 2023, the Court denied plaintiff's prior motion for counsel (Doc. 33) because he had not satisfied his threshold burden of demonstrating he had attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received. In the pending motion, plaintiff has now done so. Plaintiff has listed at least eight law firms or attorneys who he contacted and attached their letters declining to represent him in this matter. Therefore, the Court finds plaintiff has now satisfied the first, threshold inquiry.

Turning to the second element of the inquiry, the district court must undertake "the individualized analysis that *Pruitt* requires[.]" *Navejar v. Iyiola*, 718 F.3d 692, 697 (7th Cir. 2013). Specifically, the court must consider "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt*, 503 F.3d at 655. This inquiry must be a "practical one, made in light of whatever relevant evidence is available on the question." *Id*. The court should take account of all evidence in the record relevant to the plaintiff's ability to litigate. *Navejar*, 728 F.3d at 696. Such evidence may include any physical, intellectual, or psychological limitations the plaintiff may have and the

practical problems the plaintiff may encounter in gathering evidence from individuals employed by an institution where he is no longer housed. *Navejar*, 718 F.3d at 698.

Assistance in recruiting counsel is appropriate only where the plaintiff shows his case is one of those few in which it appears from the record the legal and factual difficulty exceeds his ability to prosecute. *Pruitt*, 503 F.3d at 654-55. This question is different from whether a lawyer might do a better job. *Id.*

Plaintiff's motion to appoint counsel requests the appointment of counsel "given the difficulty and complexity of the case" without elaboration. There is no indication as to plaintiff's level of education or whether he suffers from any cognitive, psychological, or mental health condition that would prevent his ability to handle his case. The Court therefore returns to plaintiff's amended complaint, as already discussed in its Merit Review Order. Based upon review, the claims and facts raised in the amended complaint do not appear complex or overly difficult. Based upon the facts alleged, plaintiff has detailed personal knowledge of the constitutional violations alleged. Plaintiff has outlined those factual allegations in a clear, logical manner, and his claims are not novel. In sum, this case does not appear to be beyond plaintiff's ability to litigate at this stage.

Thus, plaintiff has not offered a persuasive reason at this stage of the litigation why he cannot prosecute his case or why his case differs from any other of the many *pro se* plaintiffs who ask for the appointment of counsel in nearly every lawsuit filed. *DeWitt v. Corizon, Inc.*, 760 F.3d 654, 657-58 (7th Cir. 2014); see also *Navejar*, 718 F.3d at 696 (noting the district judge did not consider the plaintiff's assertions of "limited

education, mental illness, language difficulties, and lack of access to fellow prisoners or other resources for assistance after his transfer from Stateville" in denying the motion for counsel).

Recruiting *pro bono* counsel in this district is difficult, as the need far exceeds the supply. *McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020)("District courts are thus inevitably in the business of rationing a limited supply of free lawyer time."). Although "[a]lmost everyone would benefit from having a lawyer, [] there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014)(internal quotation omitted); *Mejia v. Pfister*, 2021 WL 647085, * 4 (7th Cir. Feb. 19, 2021)("for its part, the district court found itself having to [choose] how best to allocate scarce resources, for it remains the sad reality that there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.")(internal quotation omitted).

Accordingly, plaintiff's motion to appoint counsel (Doc. 39) is denied, and his motion for status (Doc. 56) is moot.

IT IS THEREFORE ORDERED:

(1)   Plaintiff's Motion to Appoint Counsel [39] is DENIED.

(2)   Plaintiff's Motion for Status [56] is MOOT.

ENTERED this 10th day of April, 2024.

                        s/*Karen L. McNaught*
                        KAREN L. McNAUGHT
               UNITED STATES MAGISTRATE JUDGE